

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2006

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2653

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jones" (2006). *2006 Decisions*. Paper 1238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-2653

UNITED STATES OF AMERICA

v.

QUINCY L. JONES
a/k/a/ Q,

Quincy L. Jones,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00109-3)
District Judge: Honorable Thomas M. Hardiman

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2006

Before: SLOVITER and AMBRO, Circuit Judges,
and DuBOIS,[*] District Judge

(Opinion filed:  April 20, 2006)

OPINION

_____

     *Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

AMBRO, Circuit Judge

Quincy Jones pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii), and was sentenced to a 78-month term of incarceration. Jones' counsel filed an *Anders* motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. For the reasons set forth below, we grant that motion and affirm the judgment of the District Court.

**I.**

Under *Anders v. California*, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." *Id*. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," *id*., "explain[ing] to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," *id*. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise nonfrivolous arguments in a *pro se* brief. *Anders*, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000).

We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our]

2

duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's *Anders* motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," *id*. at 438 n.10.

## II.

Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal. In response to his presentence report, Jones argued that two of his prior state court convictions were related to the offense conduct at issue here, and thus should be excluded from his criminal history calculation. Jones had been convicted of delivery of a controlled substance in 1996 and possession of a controlled substance in 1998. His offense here, however, occurred in May 2001. Clearly, conduct that occurred in 1996 and 1998 predates a May 2001 offense behavior, and is properly considered prior criminal conduct for the purpose of determining Jones' criminal history category.

\* \* \* \* \*

Because there are no nonfrivolous issues for appeal, Jones' judgment of conviction and sentence is hereby affirmed, and counsel will be granted leave to withdraw.